

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-22-2008

# Antonio Harrison v. Paul Schultz

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2000

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Antonio Harrison v. Paul Schultz" (2008). *2008 Decisions.* Paper 814.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/814

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-135                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2000

ANTONIO HARRISON,
                                        Appellant

v.

WARDEN PAUL SCHULTZ

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 08-cv-1178
(Honorable Robert B. Kugler)

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 30, 2008
Before:  SCIRICA, Chief Judge, ALDISERT and GARTH, Circuit Judges.

(Filed: July 22, 2008)

OPINION OF THE COURT

PER CURIAM.

        Antonio Harrison, a federal prisoner, appeals an order of the United States District

Court for the District of New Jersey dismissing his habeas petition filed pursuant to 28

U.S.C. § 2241 for lack of jurisdiction.  We will affirm.

Harrison pleaded guilty in 1999 to one count of possession of a firearm by a convicted felon and was sentenced in the United States District Court for the Eastern District of Pennsylvania to a term of imprisonment of 193 months. This Court affirmed the judgment on direct appeal, and denied Harrison's subsequent request to recall the mandate. See C.A. No. 99-1962. In January 2006, Harrison filed a motion in the United States District Court for the Eastern District of Pennsylvania seeking to vacate his sentence pursuant to 28 U.S.C. § 2255. The motion was premised on the claim that Harrison's sentence was improperly enhanced based on the sentencing court's conclusion that he was an "armed career criminal." Harrison maintained that the court's finding in this regard violated his Fifth and Sixth Amendment rights as set forth in Apprendi v. New Jersey, 503 U.S. 466 (2000), and Shepard v. United States, 544 U.S. 13 (2005). He further argued that his attorney was ineffective for failing to raise this issue on appeal. The District Court dismissed the motion as untimely filed, and we declined to issue Harrison a certificate of appealability. See C.A. No. 06-2573.

Harrison next sought relief in the United States District Court for the District of New Jersey where, on March 10, 2008, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Once again, Harrison sought to challenge his sentence under the Armed Career Criminal Act ("ACCA") and counsel's alleged ineffectiveness for failing to raise a challenge to his sentence under 18 U.S.C. § 3582. In an order

2

entered on March 18, 2008, the District Court concluded that it lacked jurisdiction to consider the petition and dismissed it accordingly. This timely appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. For essentially the same reasons set forth by the District Court, we will summarily affirm the order of dismissal.

As the District Court properly concluded, a § 2255 motion is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence, unless such a motion would be "inadequate or ineffective to test the legality of his detention." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); 28 U.S.C. § 2255 ¶ 5. A § 2255 motion is inadequate or ineffective only when "some limitation of scope or procedure" prevents a movant from receiving an adjudication of his claim. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Section 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or because Harrison is unable to meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Okereke, 307 F.3d at 120-21. See also Cradle, 290 F.3d at 539.

The "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal because of an intervening change in the law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251). Such is not the case here. Harrison makes no allegation

3

that he is actually innocent of the crimes for which he was convicted. His contention that he is innocent of the enhancements under 18 U.S.C. § 924(e) is merely a spin off of the ACCA claim that was presented in his original § 2255 motion. In his submission to this Court, Harrison himself characterizes his claim as a challenge to the "reasonableness" of the District Court's "mechanical application" of the ACCA guidelines. See Memorandum in Support of Appeal at 9. The exception identified in In re Dorsainvil is simply inapplicable, and Harrison may not evade the gatekeeping requirements of § 2255 by seeking relief under § 2241.

We likewise find no merit to Harrison's contention that the District Court denied him due process by disposing of his § 2241 petition without ordering a response from the government. A District Court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition that the petitioner is not entitled to relief. See 28 U.S.C. § 2243.

Because the § 2241 petition was properly dismissed and no substantial question is presented by this appeal, the District Court's order of dismissal will be affirmed. See Third Circuit LAR 27.4 and I.O.P. 10.6.